IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Uship Intellectual Properties, LLC, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. |
| v. : | |
| : | JURY TRIAL DEMANDED |
| Pitney Bowes Inc., : | |
| : | |
| and : | |
| : | |
| NCR Corporation, : | |
| : | |
| Defendants. : | |

COMPLAINT

Plaintiff, Uship Intellectual Properties, LLC ("Uship" or "Plaintiff"), by counsel, brings this Complaint for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, against Defendants Pitney Bowes Inc. ("Pitney Bowes") and NCR Corporation ("NCR") (collectively, the "Defendants"), and alleges as follows:

PARTIES

1. Plaintiff Uship is a Connecticut limited liability corporation based in West Suffield, Connecticut.

2. Defendant Pitney Bowes is a Delaware Corporation with its principal place of business in Stamford, Connecticut. According to its most recent annual report, Pitney Bowes "is the largest provider of mail processing equipment and integrated mail solutions in the world." Pitney Bowes provides its products and services throughout the United States and in numerous other countries. As of the end of 2007, Pitney Bowes employed approximately 26,000 persons in the United States and approximately 10,000 persons outside the United States. According to its

annual report, Pitney Bowes has "over 500 facilities that are either leased or owned throughout the U.S. and other countries." Upon information and belief, Pitney Bowes regularly transacts, does, and/or solicits business within this Judicial District.

3. Defendant NCR is a Maryland Corporation with its principal place of business in Dayton, Ohio. According to its most recent annual report, NCR is a "leading global technology company that provides innovative products and services to help businesses connect, interact and transact with their customers." NCR is a leading supplier and manufacturer of devices such as automated teller machines, retail point-of-sale workstations, and self-check in/out systems, and it provides these and other products and services throughout the United States and in numerous other countries. As of December 31, 2007, NCR had approximately 23,000 employees, and, upon information and belief, NCR has employees who are based in Delaware and/or who provide service to customers located in Delaware. According to its most recent Form 10-K, NCR owns or leases over 200 facilities, including 26 research and development and manufacturing facilities. NCR maintains facilities in the United States and approximately 60 other countries. Upon information and belief, NCR regularly transacts, does, and/or solicits business within this Judicial District.

## JURISDICTION AND VENUE

4. This Court has federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

5. This Court has personal jurisdiction over Pitney Bowes because Pitney Bowes is incorporated in Delaware, and also because, on information and belief, Pitney Bowes regularly transacts, does, and/or solicits business in Delaware and/or derives substantial revenue from ser-

vices performed and/or things used or consumed in Delaware.

6. This Court has personal jurisdiction over NCR because, on information and belief, NCR regularly transacts, does, and/or solicits business in Delaware and/or derives substantial revenue from services performed and/or things used or consumed in Delaware.

## BACKGROUND

7. Uship owns a number of United States Patents related to automated mailing/shipping kiosks.

8. Uship is the owner of United States Patent No. 5,481,464 (the " '464 Patent"), issued on January 2, 1996, for an "automated package shipping machine" and related shipping methods. Attached hereto as Complaint Exhibit 1 is a true and correct copy of the '464 Patent.

9. Uship is the owner of United States Patent No. 6,105,014 (the " '014 Patent"), issued on August 15, 2000, for an "automated package shipping machine" and related shipping methods. Attached hereto as Complaint Exhibit 2 is a true and correct copy of the '014 Patent.

10. Uship is the owner of United States Patent No. 6,917,924 (the " '924 Patent"), issued on July 12, 2005, for an "automated package shipping machine" and related shipping methods. Attached hereto as Complaint Exhibit 3 is a true and correct copy of the '924 Patent.

11. Uship is the owner of United States Patent No. 4,900,905 (the " '905" Patent), issued on February 13, 1990, for an "automated mail collecting and telecommunication machine" and related shipping methods. Attached hereto as Complaint Exhibit 4 is a true and correct copy of the '905 Patent.

12. Uship is the owner of United States Patent No. 5,340,948 (the " '948" Patent), issued on August 23, 1994, for a "system for mailing and collecting items." Attached hereto as Complaint Exhibit 5 is a true and correct copy of the '948 Patent.

x
x

13. Uship is the owner of United States Patent No. 5,656,799 (the " '799" Patent), issued on August 12, 1997, for an "automated package shipping machine" and related shipping methods. Attached hereto as Complaint Exhibit 6 is a true and correct copy of the '799 Patent.

14. Uship is the owner of United States Patent No. 5,831,220 (the " '220" Patent), issued on November 3, 1998, for an "automated package shipping machine" and related shipping methods. Attached hereto as Complaint Exhibit 7 is a true and correct copy of the '220 Patent.

15. Uship is the owner of United States Patent No. 5,233,532 (the " '532" Patent), issued on August 3, 1993, for a "system for mailing and collecting items." Attached hereto as Complaint Exhibit 8 is a true and correct copy of the '532 Patent.

16. Uship is the assignee and owner of all rights, titles and interests to the '464, '014, '924, '905, '948, '799, '220, 'and '532 Patents. Uship has a legal right to enforce the patents, sue for infringement, and seek all available legal and equitable relief and damages.

17. Pitney Bowes has designed, developed, marketed, leased, offered to sell, and/or sold, within the United States, Self-Service Postal Kiosk and Mail Centers that infringe Uship's patents.

18. According to Pitney Bowes' promotional materials, its Self-Service Postal Kiosk and Mail Center was "[d]eveloped in partnership with NCR, developer of best-of-class ATMs." On information and belief, therefore, NCR has made and/or participated in the making of the Self-Service Postal Kiosk and Mail Centers marketed, leased, and/or sold by Pitney Bowes.

19. Beginning in 2006 (at the latest), representatives of Uship have had several conversations with representatives of Pitney Bowes in which Uship has advised Pitney Bowes of the fact that Uship held patent rights relating to automated mailing/shipping kiosks and related shipping methods. In addition, on May 22, 2008, Uship sent Pitney Bowes a letter advising Pitney

Bowes that its automated mail kiosks infringe Uship's patents.

20. Upon information and belief, Pitney Bowes continues to design, develop, market, lease, offer to sell, and/or sell these infringing devices, and NCR continues to make and/or participate in the making of those infringing devices.

## COUNT I
(Infringement of Patent No. 5,481,464)

21. Each allegation in paragraph 1 – 20 above is incorporated by reference herein.

22. Defendants, working jointly and/or individually, have been directly infringing, contributing to infringement of, and/or inducing others to infringe one or more claims of the '464 Patent, and continue to do so, by making, using, leasing, selling, and/or offering to sell automated mailing kiosks, including but not limited to the Self-Service Postal Kiosk and Mail Center.

23. Upon information and belief, Pitney Bowes has willfully infringed and continues to willfully infringe the '464 Patent.

24. Defendants' infringement of Uship's '464 Patent has caused and continues to cause Uship to suffer harm, including irreparable harm, from the loss of its lawful patent rights to exclude others from making, using, selling, and being able to sell the patented inventions.

25. As a consequence of Defendants' infringement, Uship is entitled to recover damages adequate to compensate it for the infringement, including without limitation a reasonable royalty, and is entitled to other remedies as provided by relevant law and equitable principles.

## COUNT II
(Infringement of Patent No. 6,105,014)

26. Each allegation in paragraph 1 – 25 above is incorporated by reference herein.

27. Defendants, working jointly and/or individually, have been directly infringing, contributing to infringement of, and/or inducing others to infringe one or more claims of the '014

Patent, and continue to do so, by making, using, leasing, selling, and/or offering to sell automated mailing kiosks, including but not limited to the Self-Service Postal Kiosk and Mail Center.

28. Upon information and belief, Pitney Bowes has willfully infringed and continues to willfully infringe the '014 Patent.

29. Defendants' infringement of Uship's '014 Patent has caused and continues to cause Uship to suffer harm, including irreparable harm, from the loss of its lawful patent rights to exclude others from making, using, selling, and being able to sell the patented inventions.

30. As a consequence of Defendants' infringement, Uship is entitled to recover damages adequate to compensate it for the infringement, including without limitation a reasonable royalty, and is entitled to other remedies as provided by relevant law and equitable principles.

### COUNT III
(Infringement of Patent No. 6,917,924)

31. Each allegation in paragraph 1 – 30 above is incorporated by reference herein.

32. Defendants, working jointly and/or individually, have been directly infringing, contributing to infringement of, and/or inducing others to infringe one or more claims of the '924 Patent, and continue to do so, by making, using, leasing, selling, and/or offering to sell automated mailing kiosks, including but not limited to the Self-Service Postal Kiosk and Mail Center.

33. Upon information and belief, Pitney Bowes has willfully infringed and continues to willfully infringe the '924 Patent.

34. Defendants' infringement of Uship's '924 Patent has caused and continues to cause Uship to suffer harm, including irreparable harm, from the loss of its lawful patent rights to exclude others from making, using, selling, and being able to sell the patented inventions.

35. As a consequence of Defendants' infringement, Uship is entitled to recover damages adequate to compensate it for the infringement, including without limitation a reasonable

royalty, and is entitled to other remedies as provided by relevant law and equitable principles.

## COUNT IV
(Infringement of Patent No. 4,900,905)

36. Each allegation in paragraph 1 – 35 above is incorporated by reference herein.

37. Defendants, working jointly and/or individually, have directly infringed, contributed to infringement of, and/or induced others to infringe one or more claims of the '905 Patent by making, using, leasing, selling, and/or offering to sell automated mailing kiosks, including but not limited to the Self-Service Postal Kiosk and Mail Center.

38. Upon information and belief, Pitney Bowes has willfully infringed the '905 Patent.

39. Defendants' infringement of Uship's '905 Patent has caused and continues to cause Uship to suffer harm, including irreparable harm, from the loss of its lawful patent rights to exclude others from making, using, selling, and being able to sell the patented inventions.

40. As a consequence of Defendants' infringement, Uship is entitled to recover damages adequate to compensate it for the infringement, including without limitation a reasonable royalty, and is entitled to other remedies as provided by relevant law and equitable principles.

## COUNT V
(Infringement of Patent No. 5,340,948)

41. Each allegation in paragraph 1 – 40 above is incorporated by reference herein.

42. Defendants, working jointly and/or individually, have been directly infringing, contributing to infringement of, and/or inducing others to infringe one or more claims of the '948 Patent, and continue to do so, by making, using, leasing, selling, and/or offering to sell automated mailing kiosks, including but not limited to the Self-Service Postal Kiosk and Mail Center.

43. Upon information and belief, Pitney Bowes has willfully infringed and continues

to willfully infringe the '948 Patent.

44.     Defendants' infringement of Uship's '948 Patent has caused and continues to cause Uship to suffer harm, including irreparable harm, from the loss of its lawful patent rights to exclude others from making, using, selling, and being able to sell the patented inventions.

45.     As a consequence of Defendants' infringement, Uship is entitled to recover damages adequate to compensate it for the infringement, including without limitation a reasonable royalty, and is entitled to other remedies as provided by relevant law and equitable principles.

### COUNT VI
(Infringement of Patent No. 5,656,799)

46.     Each allegation in paragraph 1 – 45 above is incorporated by reference herein.

47.     Defendants, working jointly and/or individually, have been directly infringing, contributing to infringement of, and/or inducing others to infringe one or more claims of the '799 Patent, and continue to do so, by making, using, leasing, selling, and/or offering to sell automated mailing kiosks, including but not limited to the Self-Service Postal Kiosk and Mail Center.

48.     Upon information and belief, Pitney Bowes willfully has infringed and continues to willfully infringe the '799 Patent.

49.     Defendants' infringement of Uship's '799 Patent has caused and continues to cause Uship to suffer harm, including irreparable harm, from the loss of its lawful patent rights to exclude others from making, using, selling, and being able to sell the patented inventions.

50.     As a consequence of Defendants' infringement, Uship is entitled to recover damages adequate to compensate it for the infringement, including without limitation a reasonable royalty, and is entitled to other remedies as provided by relevant law and equitable principles.

## COUNT VII
(Infringement of Patent No. 5,831,220)

51. Each allegation in paragraph 1 – 50 above is incorporated by reference herein.

52. Defendants, working jointly and/or individually, have been directly infringing, contributing to infringement of, and/or inducing others to infringe one or more claims of the '220 Patent, and continue to do so, by making, using, leasing, selling, and/or offering to sell automated mailing kiosks, including but not limited to the Self-Service Postal Kiosk and Mail Center.

53. Upon information and belief, Pitney Bowes has willfully infringed and continues to willfully infringe the '220 Patent.

54. Defendants' infringement of Uship's '220 Patent has caused and continues to cause Uship to suffer harm, including irreparable harm, from the loss of its lawful patent rights to exclude others from making, using, selling, and being able to sell the patented inventions.

55. As a consequence of Defendants' infringement, Uship is entitled to recover damages adequate to compensate it for the infringement, including without limitation a reasonable royalty, and is entitled to other remedies as provided by relevant law and equitable principles.

## COUNT VIII
(Infringement of Patent No. 5,233,532)

56. Each allegation in paragraph 1 – 55 above is incorporated by reference herein.

57. Defendants, working jointly and/or individually, have been directly infringing, contributing to infringement of, and/or inducing others to infringe one or more claims of the '532 Patent, and continue to do so, by making, using, leasing, selling, and/or offering to sell automated mailing kiosks, including but not limited to the Self-Service Postal Kiosk and Mail Center.

58. Upon information and belief, Pitney Bowes has willfully infringed and continues to willfully infringe the '532 Patent.

59. Defendants' infringement of Uship's '532 Patent has caused and continues to cause Uship to suffer harm, including irreparable harm, from the loss of its lawful patent rights to exclude others from making, using, selling, and being able to sell the patented inventions.

60. As a consequence of Defendants' infringement, Uship is entitled to recover damages adequate to compensate it for the infringement, including without limitation a reasonable royalty, and is entitled to other remedies as provided by relevant law and equitable principles.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Uship requests the following relief:

a. entry of a judgment in favor of Uship and against Defendants on all of Uship's claims;

b. entry of a judgment that Defendants have infringed Uship's '464, '014, '924, '905, '948, '799, '220, and '532 patents;

c. entry of a judgment that Defendants and their officers, directors, employees, agents, licenses, servants, successors, and assigns, and any and all persons acting in privity or in concert with Defendants, be permanently enjoined from making, using, importing, selling, and offering to sell any product or service that infringes the '464, '014, '924, '948, '799, '220, and '532 patents;

d. entry of a judgment awarding damages, including but not limited to reasonable royalties, in an amount to be proven at trial;

e. entry of a judgment awarding treble the amount of damages sustained by Uship, pursuant to 35 U.S.C. § 284;

f. a determination that this is an "exceptional" case within the meaning of 35 U.S.C. § 285 and that Uship is therefore entitled to the additional remedies available under that provi-

sion;

    g.    an accounting for damages suffered by Uship, including lost profits caused by the infringing activities, and judgment requiring Defendants to compensate Uship for such damage;

    h.    an award of any costs, expenses, and attorneys' fees to which Uship may be entitled;

    i.    allowance of prejudgment interest as permitted by law;

    j.    such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Further, pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a jury trial on all issues so triable.

Dated: August 13, 2008                                            Respectfully submitted,

LIGUORI, MORRIS & YIENGST

_____
JAMES E. LIGUORI, ESQUIRE
46 The Green
Dover, DE 19901
(302) 678-9900
Bar ID 415
jliguori@lmylaw.com
Attorney for Plaintiff

COOPER & KIRK, PLLC
Charles J. Cooper
Vincent J. Colatriano
Howard Nielson
Michael Weitzner
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
Attorneys for Plaintiff